Van Brunt, P. J.
An examination of the pleadings in this cáse shows that the learned justice, in disposing of this demurrer, fell into an error in holding that the cause of action set up in the counter-claim arose out of the transactions set forth in the complaint, and is connected with the subject of that action. It will be seen by a brief examination of the complaint and the answer that, because of the fact that the claim in the complaint and the counterclaim in the answer related to the same premises, the learned court below supposed that they both arose out of the same transaction. It is to be observed, however, that the transactions were distinct, and, the counter-claim not being upon contract, it could not be set up by way of counter-claim.
The complaint contains two causes of action; First, for certain legal services performed by the plaintiff for the defendant between the 17th of October, 1879, and the 17tli of March, 1883, in leasing and selling certain property known as “13 West Fifty-Eighth Street, ” and in drawing certain papers in relation thereto. The second cause of action is for services as attorney at law of the defendant, rendered upon his retainer from the 17th of March, 1883, to the time of the commencement of this action, in defending a certain suit brought against the defendants, and for his services in drawing and engrossing various instruments, and counseling and advising them. It will be seen that these causes of action are entirely separate and distinct,—the second cause of action arising out of a retainer to defend a suit, and the services rendered incident thereto; and this is the only retainer which is alleged or referred to in the complaint. The defendant in his answer admits the retainer, but denies the value of the sQrvices, and avers that the services alleged to have been rendered by the plaintiff were in fact rendered by somebody else, and paid for to him. The answer then alleges, for a further and separate answer, and as a counter-claim, that, at and during the time the plaintiff was retained by the defendants, he was employed by the defendants as their attorney and agent to sell certain property known as “Ho. 13 West Fifty-Eighth Street, ” and was guilty of misconduct in reference to such employment. This clearly has nothing to do with the services rendered in defending the suit brought against the defendant, and it has nothing to do with the cause of action first set up in the complaint, which was for services rendered prior to the retainer. It is true that the premises which formed the basis of the cause of action first setup in the complaint were the same as those mentioned in the counter-claim, but the services set up in the first cause of action were services *841 in leasing and selling these premises prior to the 17th of March, 1883, to one Walton, and were completed at that time; whereas, the derelictions of duty which are complained of in the counter-claim occurred in the year 1886, in relation to the manner in which the plaintiff acted in selling these premises to an entirely different and distinct purchaser. 'It seems to be clear, therefore, that the counter-claim had no relation either to the first or second cause •of action set up in the complaint, and being in tort, and not on contract, could not be allowed. The judgment should therefore b£ reversed, and the demurrer sustained, with leave to the defendants to withdraw tlieir answer, and .amend the same, upon the payment of costs of this appeal, and of the court (below. All concur.